894 F.2d 403
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Deborah Carden SPIVEY, Defendant-Appellant.
 No. 89-5070.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 30, 1989.
Decided: Jan. 12, 1990.
 
 Michael R. Nash, on brief, for appellant.
 Robert H. Edmunds, Jr., United States Attorney; Paul A. Weinman, Assistant United States Attorney, on brief, for appellee.
 Before K.K. HALL, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The defendant, Deborah Carden Spivey, was charged in a four-count indictment with various aspects of counterfeiting. She pleaded guilty to a count of knowingly and willfully transferring and delivering counterfeit obligations of the United States. Her husband, Gary Wayne Spivey, was also charged in the same indictment and also pleaded in his case to possession of numerous counterfeit $20.00, $10.00, and $1.00 bills.
 
 
 2
 The husband was sentenced to twenty-one months, the wife to eleven months, which, for family reasons, were not to commence until after the husband should be released.
 
 
 3
 The appeal contests the calculation of Deborah Spivey's sentence under the Sentencing Guidelines. The attempt is made to claim that much of the money on which some of the indictments were based and which were found in the Spivey home should not have been used in the factual allegations of the presentence report. However, while that contention is an offshoot from a failure of proof argument based on the "minimal" character of the appellant's participation, nevertheless, her presence and participation were clear as to the finding of the counterfeit money to which she seeks to take exception.
 
 
 4
 The same is true as to the counterfeiting implements bought in her presence. While her husband was in the dominant position so far as counterfeiting activities were concerned, the participation, especially a conversation revealed on a tape recording and other evidence, established that Deborah Spivey was more than an innocent bystander. Similarly, the right to reduction for her voluntary acceptance of responsibility was not conclusively established through her plea of guilty to one count. The circumstances of her plea fully justified the district court's determination that there should be no reduction for her voluntary acceptance of responsibility.
 
 
 5
 Our review of the briefs and record in the case satisfies us that oral argument is not necessary. Accordingly, the judgment is
 
 
 6
 AFFIRMED.